Kenton D. GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–00642–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 4, 2001.

Kristine C. Woldy, Houston, for appellants.

Alan Curry, Houston, for appellees.

Panel consists of Justices YATES, WITTIG, and FROST.

## OPINION

FROST, Justice.

This is an appeal from the trial court's denial of a request to withdraw a waiver of jury trial. Charged with the third degree felony of retaliation, appellant, Kenton D. Green, filed a waiver of his right to jury trial and later requested a withdrawal of that waiver. The trial court refused his request. After a bench trial, the court found appellant guilty and sentenced him to ten years' confinement. Appellant now complains the trial court abused its discretion in refusing to allow withdrawal of his jury waiver. We reverse and remand.

## I. Factual and Procedural Background

Appellant was arrested in Houston, Texas, for evading arrest following a traffic stop. The State charged appellant with the felony offense of retaliation in connection with the traffic stop. The indictment also alleged a previous conviction for felony possession of a controlled substance. Against the advice of his attorney, appellant signed a waiver of his right to jury trial on March 9, 1999. That same day, the trial court set appellant's case for a bench trial to begin on April 1, 1999. In an April 1, 1999, appearance, appellant and his attorney, respectively, filed: (1) a *pro se* request for withdrawal of waiver of jury trial; and (2) a motion for continuance, to secure the attendance of two witnesses located outside the state. The motion for continuance also confirmed appellant's desire to withdraw his waiver of jury trial. The trial court granted appellant's motion for continuance and reset the case for trial on the court's May 7, 1999 docket. The trial court, however, did not rule on appellant's request to withdraw his waiver of jury trial. One week later, appellant's attorney filed a written motion to withdraw waiver of jury trial, along with appellant's

sworn affidavit in support of the motion. The trial court denied this motion on April 19, 1999, without stating any reasons.

On May 7, 1999, appellant pled not guilty to the retaliation charge. In a bench trial, the court found appellant guilty and, following a punishment hearing with stipulations regarding previous convictions, sentenced him to ten years' confinement in a state correctional facility. In one point of error, appellant asserts the trial court abused its discretion in refusing to allow him to withdraw his waiver of jury trial.

## II. Standard of Review

The grant or denial of a request to withdraw a jury waiver falls within the trial court's discretion in controlling the business of the court. *Marquez v. State,* 921 S.W.2d 217, 223 (Tex.Crim.App.1996) (citing *Wheatfall v. State,* 882 S.W.2d 829 (Tex.Crim.App.1994)). We will not reverse the trial court's denial of a request to withdraw a waiver of jury trial unless we find an abuse of discretion. *Id.* at 221–22; *Trimble v. Tex. Dep't. of Protective & Reg. Serv.,* 981 S.W.2d 211, 214–15 (Tex. App.—Houston [14th Dist.] 1998, no pet.). A trial court abuses its discretion when it acts without reference to guiding rules and principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990) (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985)). Stated differently, a trial court abuses its discretion if it acts arbitrarily or unreasonably. *Id.; Trimble,* 981 S.W.2d at 214–15. To determine whether the trial court abused its discretion, we consider the record as a whole. *Penry v. State,* 903 S.W.2d 715, 728 (Tex.Crim.App.1995).

## III. Withdrawal of Waiver of Right to Jury

The right to trial by jury is protected by both the United States and Texas Constitutions.[1] U.S. Const. amend.

---

1. The United States Constitution provides:

In all criminal prosecutions, the accused

VI; TEX. CONST. art. I, § 15; TEX.CODE CRIM.PROC.ANN. art. 1.12 (Vernon 1977). To be valid, a waiver of this valuable right must be made in person, in writing, and in open court. TEX.CODE CRIM.PROC.ANN. art. 1.13 (Vernon Supp.2000). Although the method for waiving the right to a jury trial is prescribed in article 1.13 of the Texas Code of Criminal Procedure, the manner for withdrawing such waiver is not. *See Marquez,* 921 S.W.2d at 217, 220. The Texas Court of Criminal Appeals, however, has provided guidance for reviewing the propriety of a trial court's refusal to allow a defendant to withdraw his waiver of jury trial. *See id.* at 217.

 To protect the inviolate nature of the right to jury trial, Texas follows the prevailing trend allowing a defendant to withdraw his waiver where the request is made "in good faith and there are no adverse consequences." *Id.* at 221–22. "Authorities adhering to this view hold that a defendant should be permitted to withdraw his jury waiver unless granting the request would prejudice the state, delay the trial, impede justice, or inconvenience the witnesses, or, in some cases, unless the defendant's request was made in bad faith." *Id.* at 221 (citations omitted). This right is described as fundamental, "cherished," and one in which *"the court should only deny the privilege thus accorded a defendant* charged with crime to a trial of his peers *where some adverse consequence will flow* from his change of mind." *Id.* (emphasis added) (quoting *Melton,* 125 Cal.App.2d Supp. 901, 903, 271

P.2d 962, 964 (1954)). Thus, the "substantive standard" for allowing a withdrawal of jury waiver is "the absence of adverse consequences to granting the withdrawal." *Id.* at 223.

 Where a defendant seeks to re-assert his right to a jury trial after waiver, he has the initial burden to establish on the record that his request to withdraw the waiver is made sufficiently in advance of trial "such that granting his request will not (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State." *Id.* Where a defendant's claims are rebutted by the State, the trial court, or by the record itself, the trial court does not abuse its discretion in refusing to grant the withdrawal. *Id.*

In *Marquez,* the Texas Court of Criminal Appeals noted the defendant "failed to claim or demonstrate that, in spite of the untimeliness of the request, granting the withdrawal would not prejudice the State, inconvenience the witnesses, and interfere with the orderly administration of the court." *Id.* Here, through his requests to withdraw the waiver and his sworn affidavit, appellant made the claims lacking in *Marquez,* stating that "sufficient time exist [sic] such that the withdrawal of Defendant's waiver of jury trial will not have adverse consequences for the State, or the witnesses, nor will it interfere with the orderly administration of the business of the Court." The record contains nothing

---

shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend. VI. Similarly, the Texas Constitution provides:

The right of trial by jury shall remain inviolate. The Legislature shall pass such laws

as may be needed to regulate the same, and to maintain its purity and efficiency. Provided, that the Legislature may provide for the temporary commitment, for observation and/or treatment, of mentally ill persons not charged with a criminal offense, for a period of time not to exceed ninety (90) days, by order of the County Court without the necessity of a trial by jury.

TEX. CONST. art. I, § 15.

This right is reiterated in the Texas Code of Criminal Procedure, which provides "[t]he right of trial by jury shall remain inviolate." TEX.CODE CRIM.PROC.ANN. art. 1.12 (Vernon 1977).

that rebuts these statements. Moreover, none of these considerations precluded the court from continuing the case for more than a month.

 It is well-settled that a trial court should grant a motion for continuance only if: (1) postponement of the trial would not cause injury to the adverse party; and (2) it would not disrupt the court's docket or interfere with the administration of the court's business. *See Higginbotham v. Collateral Protection Inc.*, 859 S.W.2d 487, 491 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (citing *Lenamond v. N. Shore Supply Co.*, 667 S.W.2d 283, 285 (Tex. App.—Houston [14th Dist.] 1984, no writ); *Childs v. Reunion Bank*, 587 S.W.2d 466, 471 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Henderson v. Youngblood*, 512 S.W.2d 35, 37 (Tex.Civ.App.—El Paso 1974, no writ) (superseded by statute on other grounds)). Thus, in granting the continuance, the trial court implicitly found that a delay of trial would not injure the State or disrupt the court's business.

While no Texas court appears to have confronted the particular scenario now before us, appellate courts in other jurisdictions have found an abuse of discretion where the trial court grants a continuance but then refuses to permit withdrawal of the defendant's waiver of jury trial.[2] Here, granting appellant's request to withdraw the jury waiver would not have resulted in unnecessary delay or inconvenience to witnesses because the court already had reset the trial date in order to secure the attendance of out-of-state witnesses. *See Marquez*, 921 S.W.2d at 223. Likewise, there is nothing in the record

that suggests allowing appellant to withdraw his jury waiver would have had any adverse consequences on the State, witnesses, or the court. In fact, by continuing the case, the court implicitly found the absence of any such injury or interference. Finally, appellant's affidavit, which verifies that he signed and filed the waiver at a time when he had trouble communicating and working with his appointed attorney, indicates that he made his request for withdrawal in good faith.

In light of appellant's claims of lack of prejudice, inconvenience or interference with court administration, and the court's decision to continue the case for at least a thirty-day period, it was incumbent upon either the State or the court to rebut appellant's assertions and identify the adverse consequences, if any, that would flow from the withdrawal. However, there is nothing in the record now before us to rebut appellant's claims that no adverse consequences would flow from the withdrawal of his waiver. To the contrary, the court granted appellant's motion for continuance before denying his request for withdrawal of the waiver even though it, like the withdrawal request, was filed on the day originally scheduled for trial. Under these circumstances, it was not reasonable for the trial court to have denied appellant's request to withdraw the jury waiver. The court already had continued the trial of the case for more than a month. Granting appellant's request would not have resulted in any additional delay or inconvenience to the witnesses or the prosecution, nor would it have interfered with the orderly administration of

2. *See, e.g., Stevenson v. Indiana,* 163 Ind.App. 399, 404, 324 N.E.2d 509, 512 (1975) (stating "The significant circumstance is the trial court's action in denying the motion on the one hand, while granting the defendant a continuance on the other. This action indicates that any delay which may have occurred had the jury request been granted would not have prejudiced the legitimate interests of the prosecution or the court."); *Staten v. Maryland,* 13 Md.App. 425, 430, 283 A.2d 644, 647 (1971) (stating "It is patent in the instant case

the lower court did not feel that the withdrawal of the waiver would unduly delay the trial for it in fact postponed the trial, which was then not had for almost a month. Nor was there any reasonable indication that justice would be impeded by the withdrawal of the waiver."); *People v. Abrams,* 211 Cal. App.2d 773, 776, 27 Cal.Rptr. 639, 641 (1963) (holding that the trial court abused its discretion in not allowing defendant to withdraw his waiver of jury trial, where a lengthy continuance already had been granted).

the court's docket. Accordingly, we find the court abused its discretion in denying appellant's request to withdraw his waiver and to proceed to trial before a jury.

Denial of a criminal defendant's constitutionally guaranteed right to a jury trial is structural constitutional error and, therefore, reversible without a harm analysis. *Lowery v. State*, 974 S.W.2d 936, 942 (Tex.App.—Dallas 1998, no pet.) (citing *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim.App.1997) (superseded by statute on other grounds)); Tex.R.App.P. 44.2(a). Accordingly, appellant's single point of error is sustained.

### IV. Conclusion

Where, as here, a defendant makes a good faith request to withdraw his jury waiver and no adverse consequences would flow from the withdrawal, the court should exercise its discretion to grant the moving party the jury trial he seeks. Failure to do so constitutes an abuse of discretion. Therefore, we reverse the trial court's judgment and remand the case with instructions to grant appellant a new trial.