Opinion Issued March 20, 2003









     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00535-CR




JOHN CARROLL WALSH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 900867




MEMORANDUM OPINION
          The trial court found appellant, John Carroll Walsh, guilty of the felony offense
of failure to comply with sexual offender registration requirements and assessed
punishment at five years’ confinement. See Tex. Code Crim. Proc. Ann. art. 62.02
(Vernon Supp. 2003). We determine (1) whether the evidence is factually
insufficient to support appellant’s conviction and (2) whether appellant knowingly
and intelligently waived his right to a jury trial by signing a waiver prior to the grand
jury indictment. We affirm.
Facts
          As a convicted sex offender, appellant was required to report any change in his
residence to the Harris County Sheriff’s Department within seven days of the change. 
On November 8, 2001, appellant reported to Deputy Belinoski that he was changing
his residence from an address in Webster to 7307 Millbrae in Houston. On January
24, 2002, appellant again reported to Deputy Belinoski for his required annual
registration and said that he still lived at the Millbrae address. At this meeting,
appellant told Deputy Belinoski that he had rented other locations for people who
worked for him and asked whether these rentals made any difference regarding his
residency. Deputy Belinoski replied that renting other locations did not matter so
long as appellant truly resided at the Millbrae address.
           Officer Jugenheimer, a patrol officer assigned to randomly check on sex
offenders, visited the Millbrae address on two occasions—on January 15, 2002 and
again on January 17, 2002—between the hours of 6:00 and 9:00 p.m. On both
occasions, the house was completely dark, and no one answered Officer
Jugenheimer’s knocks. When Officer Jugenheimer peered through a window, he
noticed there was no furniture inside the house. Officer Jugenheimer also observed
a “for sale” sign in the front yard. 
          Dale Ross, a realtor, listed the house at the Millbrae address for Lisa Parvin,
appellant’s sister. At the time of the December 2001 listing, Parvin told Ross that the
house was vacant. Between January 8, 2002 and February 2, 2002, Ross entered the
house at least three times and did not observe any evidence of occupancy.
          Appellant had rented a room in the motel Intown Suites from December 21,
2001 to February 2, 2002. On February 2, Officer Gamble was dispatched to
appellant’s motel room after a manager reported that someone had thrown a chair into
the parking lot from a second-story room. When Officer Gamble arrived at
appellant’s room, the location of the reported disturbance, appellant stated that he was
staying there with a man named Larry Woodward and that they were both finishing
construction work in the area. Officer Gamble estimated that appellant had enough
clothes in the room to last him a few weeks.
          At trial, Lisa Parvin testified that she and her husband owned the house at the
Millbrae address. Although she and her husband had listed the house for sale in
December 2001, Parvin stated that they allowed appellant to live in the house after
they moved out. Parvin said she gave appellant a key to the house, spoke to appellant
numerous times at the telephone number listed for the house, and saw appellant at the
house on at least three occasions after she moved out.
          Appellant testified that he had rented the motel room as a place to house some
of his workers and to store his construction tools. He explained that, while he stayed
at the motel room on occasion, he did not intend to move his permanent residence to
the motel. Appellant admitted, however, that the house at 7307 Millbrae was empty
and that there was no bed or furniture of any kind, personal effects, or clothing in the
house.
Jury Trial Waiver
          In his first point of error, appellant contends that he did not knowingly and
intelligently waive his right to a jury trial. Appellant argues that, because he signed
the waiver prior to the return of the indictment, he did not know exactly with which
offense he was being charged or which allegations would be listed in the indictment
and, therefore, his waiver was not knowingly and intelligently made. 
          Upon entering a plea, a defendant may waive the right of trial by jury. Tex.
Code Crim. Proc. art. 1.13 (Vernon Supp. 2003). Waiver of a jury trial must be
made in person, in writing, and in open court. Id. To protect the inviolable nature of
the right to a trial by jury, a defendant may withdraw his waiver of this right if (1) the
request is made in good faith, and (2) granting the withdrawal would not prejudice
the State, inconvenience the witnesses, or interfere with the orderly administration of
the court. Green v. State, 36 S.W.3d 211, 214 (Tex. App.—Houston [14th Dist.]
2001, no pet.). 
          Although the issue of jury waiver may be raised for the first time on direct
appeal, appellant must present evidence sufficient to overcome the judgment’s
presumption of regularity. Ex Parte Sadberry, 864 S.W.2d 541, 543 f. 4 (Tex. Crim.
App. 1993). We look to the record to determine whether appellant knowingly and
intelligently waived his right to a jury trial. See Johnson v. State, 72 S.W.3d 346, 347
(Tex. Crim. App. 2002). 
          The record shows that appellant was charged by complaint on January 29,
2002. On March 12, 2002, appellant signed a waiver of jury trial and an agreed
setting form, setting the case for trial on May 9, 2002. The waiver of jury trial form
indicates that appellant was informed of his right to a jury trial and that he
intentionally, knowingly, and voluntarily waived his right to a trial by jury. On
March 20, 2002, the indictment was returned. Appellant’s trial began on May 9,
2002.
          We find no evidence in the record to support appellant’s contention that he did
not knowingly and intelligently waive his right to a jury trial. The record explicitly
shows the contrary. Moreover, although appellant had over 50 days between the time
the indictment was returned and the time of trial, he never attempted to withdraw his
waiver, even though he could have done so at any time. Green, 36 S.W.3d at 214. 
Further, appellant was charged by complaint more than a month before he waived his
right to a jury trial, and that complaint stated the offense for which appellant was
ultimately convicted in language identical to the language in the indictment. 
Appellant never complained that the indictment language was insufficient to give him
notice. Finally, at the beginning of trial, the judge reiterated that appellant had filed
written papers waiving his right to a jury trial and asked if both parties were ready for
trial. Appellant answered affirmatively and did not object to the absence of a jury. 
          Therefore, we hold that appellant’s waiver was made knowingly and
intelligently.
          Accordingly, we overrule appellant’s first point of error.Factual Sufficiency
          In his second point of error, appellant contends that the evidence is factually
insufficient to support a conviction for failure to comply with the sexual offender
registration requirements.  
          In reviewing factual sufficiency, we view all the evidence in a neutral light,
rather than in the light most favorable to the verdict. Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996). Evidence is factually insufficient if it is so weak
as to be clearly wrong and manifestly unjust or if the adverse finding is against the
great weight and preponderance of the available evidence. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). We may not substitute our judgment for that
of the factfinder. King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). 
          The State elicited testimony from Ross, Officer Jugenheimer, Davis, and
Officer Gamble that appellant was not residing at the Millbrae address at the time of
his arrest. On several occasions, both Officer Jugenheimer and Ross visited the
Millbrae address, appellant’s alleged residence, found no one at home, and observed
no evidence of occupancy. Ross testified that appellant’s sister had told him that the
house was vacant and that there was no need to call prior to a showing. Davis
testified that appellant had rented a motel room from December 21, 2001, to February
2, 2002. Further, Officer Gamble, who was dispatched to appellant’s motel room to
investigate a reported disturbance, found appellant in the motel room and estimated
that appellant had enough clothes to last him a few weeks. Officer Gamble testified
that appellant told him he was staying at the motel. 
          Although both appellant and his sister claimed that appellant was living at the
Millbrae address, a rational factfinder could have reasonably inferred that appellant
had moved out of the house at the Millbrae address on or shortly after December 21st,
and that appellant, therefore, failed to comply with his sexual offender registration
requirements. Viewing all of the evidence in a neutral light, the verdict is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. 
We hold that the evidence is factually sufficient to support appellant’s conviction.           Accordingly, we overrule appellant’s second point of error.
Conclusion
 We affirm the trial court’s judgment.
 
 

                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Higley.Do not publish. Tex. R. App. P. 47.4.