In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00097-CV


______________________________





IN RE:


JONATHAN TAYLOR







 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Jonathan Taylor petitions this Court for a writ of mandamus and seeks an emergency stay (1)
of the bench trial set for this Thursday, July 26, 2007. The petition asks us to order the trial judge
to accept Taylor's withdrawal of his waiver of trial by jury. 

 Procedural Posture

 The underlying case is intoxication manslaughter and manslaughter stemming from an
incident in August 2005 and indictment in April 2006. A pre-guilty-plea jury trial waiver was signed
June 20, 2007, in anticipation of the entry of a guilty plea on July 6, but no plea was entered. Taylor
then decided to enter a plea of not guilty on July 6 and sought to withdraw his waiver of trial by jury. 
The trial court set a hearing for July 16 on the motion to withdraw the waiver and set a bench trial
for July 26. On July 16, the trial court denied Taylor's motion to withdraw the jury waiver. 

 Standard of Review

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). We must initially determine whether the relator has another adequate remedy at law, such
as a normal appeal; such a remedy is not inadequate merely because it may involve more expense
or delay than obtaining an extraordinary writ. Walker, 827 S.W.2d at 842. 

 To establish entitlement to mandamus relief, the relator must show that there is no adequate
remedy at law to redress the alleged harm and that the act to be compelled must be purely ministerial. 
Stotts v. Wisser, 894 S.W.2d 366, 367 (Tex. Crim. App. 1995); Alvarez v. Eighth Court of Appeals,
977 S.W.2d 590, 592 (Tex. Crim. App. 1998). An act is ministerial "where the law clearly spells
out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion
or judgment." Tex. Dep't of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981)
(orig. proceeding). 

 Withdrawal of Jury Waiver

 "When an accused validly waives trial by jury, a subsequent request by the accused to
withdraw the jury waiver is addressed to the discretion of the trial court." Marquez v. State, 921
S.W.2d 217, 221 (Tex. Crim. App. 1996). The court should permit a defendant's withdrawal of a
prior jury waiver if the defendant "establishes on the record that his request to do so is made
sufficiently in advance of trial such that granting his request will not: (1) interfere with the orderly
administration of the business of the court, (2) result in unnecessary delay or inconvenience to
witnesses, or (3) prejudice the State." Id. at 223. "If the defendant's claims are rebutted by the State,
by the trial court, or by the record itself, the trial court does not abuse his discretion in refusing to
allow withdrawal of the waiver." Id. Indeed, should the defendant establish in the record the lack
of adverse consequences, as set forth in Marquez, to the withdrawal of his or her waiver, then the
"[d]enial of a criminal defendant's constitutionally guaranteed right to a jury trial is structural
constitutional error and, therefore, reversible without a harm analysis." Green v. State, 36 S.W.3d
211, 216 (Tex. App.--Houston [14th Dist.] 2001, no pet.).

 Nonetheless, the wealth of cases assessing the denial of a jury waiver withdrawal have all
been decided on direct appeal. (2) Because a court, on direct appeal, may reverse a conviction and
remand on a court's error in denying an attempt to withdraw a waiver of trial by jury, there is an
adequate remedy at law. As such, mandamus does not lie. 

 We deny the petition for writ of mandamus, and the motion for emergency stay is overruled.


 Jack Carter

 Justice


Date Submitted: July 24, 2007

Date Decided: July 24, 2007
1. See Tex. R. App. P. 52.10(b)
.
2. See,  e.g.,  Marquez,  921  S.W.2d  at  223;  Green,  36  S.W.3d  at  215-16;  Sigarst  v.
State, No. 09-06-00212-CR, 2007 WL 764711 (Tex. App.--Beaumont Mar. 14, 2007, pet. filed)
(mem. op.); In re J.I.C., No. 08-02-00239-CV, 2004 WL 596217 (Tex. App.--El Paso Mar. 26,
2004, no pet.) (juvenile direct appeal); Terrell v. State, No. 05-01-01412-CR, 2002 WL 1478617
(Tex. App.--Dallas July 11, 2002, no pet.); Bensley v. State, No. 05-98-01783-CR, 2000 WL 726687
(Tex. App.--Dallas June 7, 2000, no pet.); Ramos v. State, No. 03-97-00485-CR, 1998 WL 830512
(Tex. App.--Austin Dec. 3, 1998, pet. ref'd).



tten, informed the defendant of the
charge against him or her sufficiently to allow him or her to prepare an adequate defense at trial, and
whether prosecution under the deficiently drafted information would subject the defendant to the risk
of being prosecuted later for the same crime. Gollihar, 46 S.W.3d at 248 (citing United States v.
Sprick, 233 F.3d 845, 853 (5th Cir. 2000)). 

 There is considerable evidence Millage was not surprised or prejudiced by the variance. The
State provided Millage with full access to its file and the police reports. The manner and means
description in the information notified Millage the State was alleging that, on a specified date, he
committed the offense of deadly conduct by reckless conduct that placed Tony and Marilyn Elmi in
imminent danger of serious bodily injury by running someone off the road with a motor vehicle. 
Furthermore, evidence indicates Millage knew the State intended to prove he ran the Elmis off the
road. Witson testified Millage told him he had been arrested for "running or chasing down a four-wheeler . . . ." Millage prepared an adequate defense to the conduct proved. Millage presented
evidence he did not run the Elmis off the road, but rather pulled over and allowed them to pass. 
Millage also presented evidence of a motive for the Elmis to lie, including the dispute over the chain
gate. The record indicates Millage was not surprised by the variance and had sufficient notice in
order to adequately prepare for trial.

 Millage also contends the variance would subject him to additional prosecutions for the same
crime. Any subsequent prosecution would involve the same offense with the same statutory
elements and involve the same set of facts arising out of the same incident on the same date. The
variance in this case would not subject Millage to the risk of a later prosecution for the same crime. 
While we note that variances in manner and means may provide insufficient notice in some
situations, the variance at issue in this case is immaterial because Millage did not prove prejudice
to his substantial rights.

 The Texas Court of Criminal Appeals has held that evidence sufficiency should be measured
against a "hypothetically correct" jury charge. See Gollihar, 46 S.W.3d at 253; Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). The jury charge in this case did not include the immaterial
variance in question. However, Malik controls "even in the absence of alleged jury charge error."
Gollihar, 46 S.W.3d at 255. A "hypothetically correct" jury charge is "one that accurately sets out
the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof
or unnecessarily restrict the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried." Malik, 953 S.W.2d at 240. In Curry, the Texas Court
of Criminal Appeals held that the "'law' as 'authorized by the indictment' must be the statutory
elements" of the offense charged "as modified by the charging instrument." Curry v. State, 30
S.W.3d 394, 404 (Tex. Crim. App. 2000). The "hypothetically correct" jury charge cannot "wholly
re-write the indictment," but is not required to "track exactly all of the allegations in the indictment."
Gollihar, 46 S.W.3d at 253. If the essential elements of the offense are modified by the indictment,
the modification must be included. Id. at 254. However, the hypothetically correct charge "need not
incorporate allegations that give rise to immaterial variances." Id. at 256. The variance at issue is
not a material variance and does not modify the essential elements of the offense of deadly conduct. 
Therefore, since the variance at issue is immaterial, it does not need to be included in the
"hypothetically correct" jury charge. 

 Millage cites Planter v. State, 9 S.W.3d 156 (Tex. Crim. App. 2000), for the proposition that
the variance at issue requires a reversal. Planter involved an indictment that alleged the defendant
attempted to induce Lex Baquer to kill Bob Frata. Id. at 157. However, the defendant attempted to
induce Baquer to pay the defendant to kill Frata. Id. The Texas Court of Criminal Appeals held that
the variance resulted in the defendant being convicted based on proof of an offense for which he was
never charged. Id. at 159. The Texas Court of Criminal Appeals based its decision on the fact the
variance resulted in a different statutory offense being proven than the offense alleged in the
indictment. Id. However, Planter is distinguishable from the facts in this case. The information
alleged Millage committed the offense of deadly conduct, and the evidence at trial proved the offense
of deadly conduct. The variance in this case did not result in a different offense being proven than
alleged in the information. The essential elements of deadly conduct were unaffected by the
variance.

 When viewed in the light most favorable to the prosecution and measured against the
"hypothetically correct" jury charge, sufficient evidence exists for a rational juror to have found
Millage guilty beyond a reasonable doubt. Credibility of the witnesses is within the sole province
of the jury. Jones, 944 S.W.2d at 648-49. The jury is entitled to believe the Elmis' version of the
facts over Millage and Witson. Further, when viewed in a neutral light and measured against the
"hypothetically correct" jury charge, we cannot say the verdict was against the great weight and
preponderance of the evidence. While there is evidence supporting Millage's version of the facts,
the great weight of the evidence does not indicate the result was clearly wrong. Therefore, legally
and factually sufficient evidence exists to support the jury's verdict.

 We affirm the judgment of the trial court.




 Jack Carter

 Justice


Date Submitted: October 7, 2003

Date Decided: October 8, 2003


Do Not Publish