**Opinion filed November 19, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00311-CR
_____

## JOSHUA CARRASCO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-45,144**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a bench trial. The trial court found Appellant, Joshua Carrasco, guilty of murder and assessed his punishment at confinement for life. In two issues on appeal, Appellant first urges us to hold that his jury trial waiver was invalid and, secondly, that the trial court abused its discretion when it refused to allow Appellant to withdraw that waiver. We affirm.

Because there is no challenge to the sufficiency of the evidence, we will not detail the evidence that was submitted to the trial court at the trial.

This case has quite a procedural history. We find it beneficial to detail that history.

The grand jury returned a murder indictment against Appellant on July 13, 2015. Appellant's first attorney was appointed by the trial court on July 28, 2015. The case was set for a pretrial hearing on September 10, 2015, and for a jury trial on October 5, 2015. The trial court set successive pretrials for October 14, 2015, January 21, 2016, and March 24, 2016. By order dated May 25, 2017, the trial court set the case for jury trial on October 16, 2017. Appellant's first court-appointed attorney was replaced by another court-appointed attorney on May 25, 2017.

On July 21, 2017, the trial court reset the jury trial for October 23, 2017. The trial court entered another order on September 11, 2017, by which it reset the jury trial for November 13, 2017.

On January 30, 2018, Appellant filed a pro se motion in which he complained about his second court-appointed attorney. On February 1, 2018, the trial court set the case for an April 2, 2018 jury trial. On March 27, 2018, Appellant filed a motion to continue the April jury trial. The record reflects that, on that same date, Appellant signed a written waiver of his right to a jury trial. The waiver was signed by Appellant, his counsel at the time, the State's attorney, and the trial court. At the bottom of the waiver someone has written "35 TDC" in the margin. The waiver was filed the next day. The trial court sent a letter in which it set the case for a guilty plea hearing on April 5, 2018. At some point, the trial court noted in its docket sheet that Appellant "[r]ejected the plea."

At the April 5, 2018 hearing, Appellant informed the trial court that he was trying to hire a new attorney. The trial court set the case for a bench trial to begin on May 9, 2018. Later, the trial court reset the bench trial for May 16, 2018.

2

On May 2, 2018, fourteen days before that bench trial was to begin, Appellant again filed a motion to change attorneys. The trial court approved the substitution of Appellant's court-appointed attorney with one that he had hired. Appellant moved for a continuance of the May 16 setting. The trial court granted a continuance and set the bench trial for August 22, 2018.

On June 25, 2018, Appellant filed a motion to set aside the waiver of jury trial that he had previously signed. On August 8, 2018, Appellant filed another motion for continuance; it was unopposed. The trial court granted the motion and again reset the bench trial for November 6, 2018. On September 24, 2018, Appellant filed a supplement to his motion to withdraw his waiver of right to trial by jury. Appellant presented his motion to withdraw his waiver, and the supplement to the motion, on November 6, 2018, the first day of trial. We have not been able to find record references, and have been cited to none, to show that Appellant formally presented his motion to withdraw to the trial court prior to the day that the bench trial was to begin. The trial court overruled Appellant's motion, and the bench trial finally began.

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ." U.S. CONST. amend. VI. "The right of trial by jury shall remain inviolate." TEX. CONST. art. I, § 15; TEX. CODE CRIM. PROC. ANN. art. 1.12 (West 2005). Therefore, a defendant in a criminal prosecution has an absolute right to a trial by jury. *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009). However, a defendant may waive that right. *See* CRIM. PROC. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law except that a defendant in a capital felony case may waive the right of trial by jury only in the manner permitted by Article 1.13(b) of this code.").

3

To show that a defendant has validly waived his right to a jury trial, the State must establish, on the record, in accordance with federal constitutional law, that a defendant has expressly, knowingly, and intelligently waived his right to a jury trial. *Hobbs*, 298 S.W.3d at 197 (citing *Guillett v. State*, 677 S.W.2d 46, 49 (Tex. Crim. App. 1984); *Samudio v. State*, 648 S.W.2d 312, 314 (Tex. Crim. App. 1983)). The Texas Code of Criminal Procedure delineates, in Article 1.13, the formalities necessary to the validity of a waiver of the right to a trial by jury. CRIM. PROC. art. 1.13 (West Supp. 2020). The "waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state." *Id.* art. 1.13(a).

In his first issue on appeal, Appellant contends that his waiver of his right to a jury trial was not valid because it was not made in open court. However, when Appellant, on the day of trial, presented his motion to withdraw his waiver, trial counsel told the trial court: "[T]here's two different ways to address being here without a jury." Counsel then said, "One is that the waiver wasn't taken in conformity with law. I believe there's already been a substantial record made on that in the sense that the Courts, whether the Court properly admonished the Defendant on that issue was all done before I was involved." Counsel then informed the trial court that "there's a record as to whether or not that issue happens. That's satisfied. My focus is on the Defendant's right to withdraw a jury waiver."

By that statement, Appellant, in effect, informed the trial court that he was not contesting, as he does in this court, whether the waiver was valid. He has waived the issue on appeal. *See* TEX. R. APP. P. 33.1(a).

Even if Appellant had preserved the issue for appeal, his argument would fail. When Appellant presented his motion to withdraw his waiver, the trial court recalled, on the record, that when the case was set for jury trial, Appellant signed a waiver, that Appellant was admonished by the trial court, and that Appellant was also

4

admonished by his counsel at the time. Furthermore, in its judgment, the trial court found that Appellant had waived a jury. "The presumption of regularity created by recitals in the judgment can be overcome only when the record otherwise affirmatively reflects that error occurred." *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). The record in the case before us does not reflect otherwise.

At a pretrial hearing held on April 5, 2018, there was a discussion about Appellant's family's desire to hire counsel to represent Appellant and replace court-appointed counsel. At that same hearing, the trial court stated, "I'm looking at the Court's file. A waiver of rights to a jury trial was signed on the 27th day of March, 2018. It's been signed by [Appellant's court-appointed counsel] as well as [Appellant]; and I'm sure you thoroughly explained what he was doing when he signed it, did you not?" Counsel responded, "Yes, Your Honor, and the consequences of that as well." Counsel further represented that he had explained the waiver to Appellant before Appellant signed. The trial court then asked Appellant, "Is that what you want to do, Mr. Carrasco?" Appellant replied, "Yes, sir."

Appellant maintains that, because there was also a discussion at that hearing about changing attorneys, he could have misunderstood whether the trial court was referring to the change in attorneys or waiver of a jury trial. We disagree. The statements and questions of the trial court and Appellant's response is juxtaposed most closely to the waiver question. As the State argues, by the trial court's statements and questions, the trial court made sure that Appellant knowingly and intelligently waived his right to a jury trial.

Further, in the waiver of the right to a jury trial that Appellant signed on March 27, 2018, Appellant acknowledged and understood his right to a jury both at the guilt/innocence phase of the trial and at the punishment phase. Appellant also acknowledged and understood that, if he signed the waiver, a judge would determine guilt and assess punishment, if any. In the waiver, Appellant stated, "It is my

5

intention to specifically waive and forfeit my right to a jury trial in this cause, and I acknowledge and understand the consequences of my decision." Further, the waiver contained a statement that Appellant executed the waiver "freely, voluntarily, and of my own free will, after thorough and meaningful discussion with my attorney of record." The waiver was signed by Appellant, his attorney at the time, the State's attorney, and the trial court. Additionally, as the State also notes, at no time did Appellant claim "that he was unaware of or misunderstood his right to a jury trial."

We have examined the entire record in this case and believe that, even if the complaint has been preserved, the record supports a finding that Appellant validly executed the waiver of his right to a jury trial under the standards that we have outlined. For all the above reasons, we overrule Appellant's first issue on appeal.

In Appellant's second issue on appeal, he asserts that the trial court abused its discretion when it did not allow him to withdraw his waiver. We review a trial court's refusal to allow a defendant to withdraw his waiver of right to a jury trial for an abuse of discretion. *Hobbs*, 298 S.W.3d at 198. A trial court abuses its discretion when it acts without reference to guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

A defendant who wishes to withdraw his waiver of right to trial by jury must "establish, on the record, that his request to withdraw his jury waiver has been made sufficiently in advance of trial such that granting his request will not: (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State." *Hobbs*, 298 S.W.3d at 197–98. If a defendant meets that burden and "the defendant's claims are rebutted by the State, the trial court, or the record itself, the trial judge does not abuse his discretion in refusing to allow the withdrawal of the waiver." *Id.* at 198.

Appellant relies upon *Green v. State*, 36 S.W.3d 211 (Tex. App.—Houston [14th Dist.] 2001, no pet.). He cites *Green* to support an argument that, because the

6

trial court here had granted motions for continuance, that was some showing that there would be no adverse consequences from the trial court's granting of his motion to withdraw his waiver.

*Green* is distinguishable. There, in an appearance on April 1, 1999, the day set for a bench trial, the defendant filed a pro se motion to withdraw his waiver of right to a jury trial. 36 S.W.3d at 213. A motion for continuance was also filed that same day. The trial court granted the motion for continuance and reset the trial for May 7, 1999, but did not rule on the motion to withdraw the jury trial waiver. *Id.* A week later, Appellant filed a written motion to withdraw the waiver, and on April 19, the trial court denied the motion. *Id.* The court held that the trial court's granting of the motion for continuance was tantamount to a finding that a delay in the trial would not disrupt the trial court's business. *Id.* at 215.

In the case before us, no motion for continuance was filed on the day of trial. However, although Appellant had filed his motion to withdraw his jury trial waiver many months before the case went to trial, the motion was not presented to the trial court until the day that the case finally went to trial. By the time that Appellant filed his motion to withdraw, the trial court had set the case for jury trial on five separate occasions. After the date on which Appellant filed his motion to withdraw his waiver, the trial court had set the case for a bench trial four times and had set the case for numerous pretrial hearings and status conferences. Yet, it was not until the day of trial that Appellant presented his argument on the motion to withdraw and asked the trial court to rule on the motion.

The State conceded on the record that it would not be prejudiced by the trial court's granting of the motion to withdraw. The State also told the trial court, however, that the witnesses would suffer inconvenience. They had been told that they would not have to testify—inferentially because there had been a plea deal— and now they have been told that they would have to testify. In essence, the State

7

maintained that, if the trial court granted the motion to withdraw, the witnesses would again have to rearrange their schedules. In fact, the State had some nine witnesses who testified, one of whom was an out-of-town medical examiner who performed the autopsy on the victim.

Prejudice to the State is only one of the considerations in a determination of whether to allow a defendant to withdraw a waiver of jury trial. Another consideration is whether the withdrawal will result in inconvenience to witnesses. *Hobbs*, 298 S.W.3d at 197–98. The witnesses were obviously present and ready to testify on November 6, 2018. If the trial court had granted Appellant's motion to withdraw his waiver, it would have been necessary to once again reset the case, and the witnesses would have had to again arrange their schedules to meet the new trial date. Appellant contended in the trial court that there were no adverse consequences in this regard. The "witness list has not changed," and no witnesses have "disappeared or gone away, died, or moved. They're still available."

Appellant's argument related to prejudice to the State, and the State admitted that it would not be prejudiced if the trial court were to grant the motion to withdraw. After the State rebutted Appellant's claim that there would be no inconvenience to the witnesses until such time as a jury could be assembled, Appellant presented no proof on the issue of inconvenience to the witnesses.

Another consideration involves the question of whether a trial court's granting of a motion to withdraw a jury trial waiver would interfere with the orderly administration of the business of the court. *Id.* "The control of the business of the court is vested in the sound discretion of the trial judge." *Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996). In *Marquez*, the defendant tried to withdraw his jury waiver as the trial began. The Court of Criminal Appeals held that Marquez failed to show that the withdrawal of the jury waiver would not interfere with the orderly administration of the business of the court. *Id.* Appellant

8

has not made such a showing in this case either. Additionally, earlier in this opinion, we detailed the difficulty that the trial court had encountered in getting this case to trial. For all the above reasons, we overrule Appellant's second issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


November 19, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.