[Crim. No. 8403.   Second Dist., Div. Four.   Jan. 14, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. SAMUEL ABRAMS et al., Defendants and Appellants.

Harold J. Ackerman for Defendants and Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

BISHOP, J. pro tem.*— [■■] The two defendants, jointly charged in the fourth count of an amended information with having conspired to commit forgery in violation of sections 470 and 472, Penal Code, and to commit the crime of violating section 4463, Vehicle Code, were tried by the court without a jury and found guilty. Defendant Kay was placed on five years' probation, a condition of which was that he spend 90 days in the county jail. It is from this "judgment of conviction" that he appeals. His codefendant Abrams' motion for a new trial was denied and he was sentenced to serve a year in the county jail. He appeals from the order and the judgment. The defendants now represented by the same counsel jointly urge two grounds for reversals: That it was error to try them without a jury, and the evidence does not support the convictions in that no intent to defraud anyone was shown.

The defendants were arraigned first on August 10, 1961, and each entered a "not guilty" plea, waived time, and the trial was set for November 6. On that date, an amended information having been filed, they were again arraigned, each pleaded not guilty, each personally and by separate counsel waived a jury trial, as did counsel for the People, and the trial date selected was January 18, 1962.

When on January 18 the case was called for trial the People and defendant Kay answered ready but defendant Abrams made three requests: First, for a substitution of counsel; then consequent upon that for a continuance to enable his attorney to prepare for trial; and lastly for a jury trial. After some discussion Mr. Ash was substituted as defendant Abrams' counsel and while word was being awaited from another department concerning a possible trial date the request of defendant Abrams for a jury trial was considered. It was opposed by counsel for the People: "This thing has been carried on for six or seven months here. Now, if we start back as a jury trial, we are going to have to run into the problem of having to set it weeks or months ahead to find a place to spot it." Judge Fox thereupon denied the request and it was then that the clerk reported that "all the Mondays in February are now overset with jury trials" and the case was reset for trial on March 5— a Monday.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

All parties answered ready when the case was called on March 5 and it was stipulated in effect that the testimony of certain witnesses given at the preliminary hearing be read by Judge Noble, the trial judge; be deemed given at the trial; that the twenty some exhibits introduced at the preliminary be received in evidence and that the stipulations, once given, remain binding.

From the testimony given at the preliminary examination admitted by stipulation at the trial and from the evidence introduced at the trial, which lasted just one day, we discover two conspiracies: the criminal one entered into by the two defendants to obtain credit for defendant Abrams by concealing his true identity; the other entered into by the photographer, engaged by defendants to forge the identification papers, and the sheriff's officer to whom the photographer reported the activities of the defendants. An overt act of the second "legitimate" conspiracy was the setting up of a tape recorder to help assemble a part of the evidence used.

We need no more than the testimony of the defendants themselves to support their conviction. Defendant Abrams needed money for various reasons, one being that he had a family to support. He had a job but that did not bring in enough. He desired to start up a business for himself but his efforts were stymied because his credit rating was so very poor. So he, with the help of him who was to become co-defendant, took steps to get a photographer to forge a driver's license and a Diners Club credit card, among some other such devices, so that when he sought credit he would not meet with failure because he was known to be who he was, but would meet with success because his newly found creditors would not know he was one whose credit was nil. Both defendants took steps toward the success of their scheme. In all seriousness the defendants argue that in pursuing the course they had set upon they had no intention of defrauding anyone, that all defendant Abrams wanted to do was to get money to pay his creditors, including his codefendant, and so the means used to this laudable end was not deceitful.

We conclude, without hesitation, that the evidence supports the conviction of both defendants upon the fourth count. As to defendant Jack Kay we see no reason to do other than affirm the order granting him probation. He had personally and by counsel waived a jury trial and he never requested his waiver be set aside.

The situation involving defendant Abrams differs vitally. His counsel, not purporting to speak for defendant Kay, did ask that his client be relieved from his waiver of a jury trial. Had the case gone to trial on January 18, or very shortly thereafter, a good case for not permitting defendant Abrams to switch from a court trial to jury trial might be made. But the trial was continued from January 18 to March 5. The trial judge observed, when considering the date for the trial, that ''Jury trials only are set on Mondays.'' March 5 was a Monday.

Every case, of course, stands on its own facts and no two are exactly alike, but we find the situation in this case very much like that considered in *People* v. *Osmon,* 195 Cal.App.2d 151 [15 Cal.Rptr. 263], and find its statement of the principles involved quite persuasive. In that case the defendant had regularly waived a trial by a jury when the case was set for trial, the testimony at the preliminary examination to be the basis of the hearing. Just before the trial date a substitution of defense counsel took place, followed by a motion that the jury waiver be withdrawn. This motion was denied. On the trial date a 10-day continuance was granted to enable defendant to obtain a witness he desired, and again the request for a jury was made and taken under consideration but denied when the adjourned trial date was reached. A new request was summarily denied and the case sent to a trial department for an immediate trial. No further request was made. The refusal of permission to be relieved from his waiver was held to be error warranting a reversal, the appellate court quoting from the case of *People* v. *Melton,* 125 Cal. App.2d Supp. 901, 904-905 [271 P.2d 962, 46 A.L.R.2d 914] : ''. . . where the request to withdraw the waiver of a jury trial is made sufficiently in advance of trial so as not to interfere with the orderly administration of the business of the court or to result in unnecessary delay or inconvenience to witnesses or to the prejudice of the other party to the action, the court should exercise its discretion to allow the moving party the jury trial he seeks. Certainly, when dealing with a right so fundamental as to be characterized by our Constitution as one which should 'remain inviolate,' the court should only deny the privilege thus accorded a defendant charged with crime to a trial by his peers where some adverse consequence will flow from his change of mind.''

In the premises, we have concluded, it was an abuse of the trial court's discretion to refuse the defendant Abrams per-

mission to proceed before a jury. This is the type of error that is not covered by section 4-1/2 of article VI of our state Constitution. (*People* v. *One 1941 Chevrolet Club Coupe*, 37 Cal.2d 283, 300 [231 P.2d 832]; *Hernandez* v. *Wilson*, 193 Cal.App.2d 615, 619 [14 Cal.Rptr. 585].)

The judgment of conviction as to defendant Abrams is reversed and the cause remanded for a new trial. The judgment as to defendant Kay is affirmed. Abrams' purported appeal from the order denying the motion for new trial is dismissed.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied January 29, 1963, and the petitions of plaintiff and respondent and of defendant and appellant Kay for a hearing by the Supreme Court were denied March 13, 1963.