Frances Arlena **HENDERSON**, Appellant,

v.

John Douglas **YOUNGBLOOD**, Appellee.

No. 6373.

Court of Civil Appeals of Texas,
El Paso.

June 19, 1974.

John L. Hoestenbach, Jr., Odessa, for appellant.

William B. Smith, Midland, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from an order of the Court of Domestic Relations changing the visitation rights of the father with his children of the marriage. The parties were divorced in 1970. Under the judgment of divorce, custody of the three children of the marriage was placed in the Appellant-mother. The Appellee was accorded "reasonable visitation rights." On March 27, 1973, the Appellee-father filed a suit in the Court of Domestic Relations whereby he sought to have that Court further define his visitation rights under the divorce judgment. This appeal is from the order redefining the father's visitation rights following a hearing. We are of the opinion that the order should be affirmed.

■ Appellant's sole point of error is that the trial Court erred in overruling her request for a trial by jury. We affirm on the basis that as to visitation issues a jury trial is not a matter of right, and if we be wrong in that conclusion of law, then we are of the opinion that no abuse of discretion is shown in the trial Judge's refusal to allow a jury trial under the circumstances here presented.

In the recent case of Walker v. Showalter, 503 S.W.2d 624 (Tex.Civ.App.—Houston (1st Dist.) 1973, no writ), it was held that as to visitation issues a jury trial is not a matter of right, the Court saying:

"Jury findings as to both custody and visitation were merely advisory before the 1961 amendment to Article 4639a, Vernon's Ann.Texas Civil Statutes. That amendment made a jury trial a matter of right when custody was in issue, but the amendment made no provision for jury trials as to visitation privileges, so we must assume that the legislature was referring to custody rights only. See Comment, 22 Baylor Law Review 514 (1970). As the author of that comment, Mr. Lowell T. Cade, suggests, where both custody and visitation are at issue, both could be presented to a jury. Its findings on custody would be binding on the court, those on visitation would not.

"We hold that as to visitation issues a jury trial is not a matter of right."

■ In the instant case, it is quite clear that only visitation was involved and not custody. The plaintiff's petition asks only for a change as to visitation rights and sets out the fact, which the Court later found, that the parties were unable to understand the reasonable visitation rights given the father, and in its judgment the Court spelled out these rights in specific times, such as, "First Saturday of each month from 3:00 p. m. until 10:00 p. m.; Second Saturday of each month from 9:00 a. m. until 10:00 p. m.;" and so on. The conclusion is inescapable that only visitation was involved, so the rule applies that there was no right to a trial by jury.

■ As indicated, we are further of the opinion that the record does not reflect an abuse of discretion on the part of the trial Judge in denying jury trial. The case was set for trial on August 14, 1973. On August 6th, the Appellant's attorney deposited the jury fee with the Clerk and requested a jury trial. On August 14th, the trial Court was unable to have a hearing and the case was continued until September 10th, at which time the Court did hold a hearing on the Appellant's request for a jury trial and rendered judgment that such request should be denied. Trial was had on September 19th and the judgment was rendered from which this appeal is taken. It is held that the right to a trial by jury in a civil case is not an absolute right but is dependent on the procedural requisites of Texas Rules of Civil Procedure, Rule 216. Collins v. Miller, 443 S.W.2d 298 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.); Shriner v. Simmons, 483 S.W.2d 324 (Tex.Civ.App.—San Antonio 1972, no

writ). Under this rule, the deposit and request for a jury must be made on or before appearance day, or, if thereafter, at a reasonable time before the date set for trial but not less than ten days in advance of the trial date. These prerequisites have been held to be directory rather than mandatory however, and when the rule has not been followed the trial Court's decision to grant or deny a jury trial will not be reversed unless it is shown the trial Court abused its discretion. Aronoff v. Texas Turnpike Authority, 299 S.W.2d 342 (Tex. Civ.App.—Dallas 1957, no writ). In its judgment, the trial Court made express findings which to our minds show that there was no abuse of discretion. As a general rule, a party will not be denied a jury trial even though he may have been dilatory in paying a fee if (1) to grant the jury trial would not operate to injure the adverse party, and (2) to grant the jury trial would not disrupt the Court's docket or interfere with the handling of the Court's business. Aronoff v. Texas Turnpike Authority, supra; Tilton v. Sharp, 52 S.W.2d 289 (Tex.Civ.App.—El Paso 1932, no writ); Lebman v. Sullivan, 198 S.W.2d 280 (Tex.Civ.App.—San Antonio 1946, writ ref'd n. r. e.). In the case before us, however, the trial Court expressly found in its judgment that the granting of a jury trial would materially disrupt the orderly process of the Court's business and would operate to injure the Appellee. The Court found that no jury would be available on the date set for trial and that it would probably be about five months before a jury would be available because of the remodeling of the Midland County Courthouse. It appeared that only one jury week had been set during this five-month period and that the jury docket was already filled. Also the Court stated that to wait this amount of time to place the case on a jury docket would more than likely be injurious to the rights of the Appellee in view of his allegations that he was not being allowed his visitation rights. Thus since the Appellant did not pay the jury fee more than ten days before the date set for trial and since the granting of a jury trial would apparently have caused disruption of the Court's business and injury to the Appellee, it appears to us that the Court did not abuse its discretion in denying Appellant's request for a jury trial. See Gallagher v. Joyce, 459 S.W.2d 221 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.).

The judgment of the trial Court is affirmed.