SIM STEVENSON v. STATE OF INDIANA.

[No. 2-174A23. Filed March 13, 1975.]

*Hall Cochrane*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

WHITE, J.—The defendant, Sim Stevenson, was found guilty in a trial without jury of first degree burglary and was sentenced under "the minor's statute"[1] to a term of not less than one nor more than ten years. Although his belated motion to correct errors raises four issues, we find it necessary to discuss only the issue of whether the trial court abused its discretion in refusing to allow the defendant to withdraw his waiver of a jury trial, since it is on that issue that we reverse.

The defendant was arraigned on April 3, 1973, at which time the following entries were made:

---

1. IC 1971, 35-8-3-1, Ind. Ann. Stat. § 9-1815 (Burns 1956 Repl.) which provides:

"Whenever any person under the full age of twenty-one [21] years who has not theretofore been convicted of a felony, shall have been convicted of any crime the punishment for which is imprisonment in the Indiana Reformatory or the Indiana Woman's Prison, such person may be sentenced to said reformatory or woman's prison for a term of not less than one [1] year nor more than ten [10] years, or the court, in its discretion, may sentence said person to the Indiana State Farm, or to the Indiana Woman's Prison, for any determinate period not exceeding one year: Provided, That nothing herein contained shall apply to any person convicted of an offense punishable by life imprisonment or death. [Acts 1941, ch. 148, § 10, p. 447.]"

"And afterwards towit Tuesday April 3, 1973 being the 1973 Term, of said Court, before the Honorable John T. Davis, Judge Presiding, the following further proceedings were had herein towit:

"Defendant, age 19, in person waives arraignment and pleads Not Guilty.

"Defendant requests early trial. Granted. Defendant files Waiver of Jury trial in open Court as follows: which reads as follows:

"CAUSE NO. Cr 73-129 A                    DATE 4/3/73

"I waive trial by jury and request an early trial.

"DEFENDANT Sim Stevenson
"WITNESS F. Huse

"[Trial] Set for April 6, 1973 at 2:00 P.M." (Record pp. 7-9).

Also entered on April Third is the "APPEARANCE—RECEIPT" of defendant's eventual trial counsel. It reveals that trial counsel was not in court on the third, his appearance being entered by another attorney.

On April 5, the defendant was granted a continuance and trial was reset for April 19. On April 18, defendant's counsel submitted a written request for a trial by jury. The following day the court denied the motion for a jury trial, although it did grant the defendant's second request for a continuance. Subsequently, a third motion for a continuance by the defendant was granted, as was a similar motion by the State. Trial was eventually had on June 14, 1973, at the commencement of which defendant's attorney orally renewed the request for a jury trial. This motion was also denied.

The defendant has supported his belated motion to correct errors with his own affidavit.[2] In pertinent part, it reads as follows:

"2. That thereafter on or about April 3, 1973 the deponent was taken by the police to Marion County Criminal

---

2. A belated motion to correct error is ". . . treated for all purposes as a motion to correct error filed within the prescribed period." Post-Conviction Remedy Rule 2 § 1. Rule 17 of the Indiana Rules of Criminal Procedure governs the filing of affidavits in support of a motion to correct error.

Court for arraignment, at which time the court appointed a pauper attorney for deponent, and with which counsel deponent was given no time for consultation and received no advice as to his constitutional rights, including the right to trial by jury, and deponent signed some forms as requested by the court for purposes of a speedy trial and the cause was set down for trial by the Court three days later April 6, 1973, and that said cause was continued by both the defendants counsel and the State prosecutor several times before it finally came to trial on June 14, 1973.

"3. That on or about April 18, 1973, after deponent had his only jail house consultation with his court appointed attorney said counsel filed a written motion to withdraw the waiver of jury trial, and did demand a trial for the deponent by jury, which was overruled the next day to-wit April 19, 1973 without a hearing by the court on the motion on the reasons therefore."

The defendant's affidavit is uncontradicted consequently: "We must accept the contents of that affidavit on this appeal as true. *Scharbrough* v. *State* (1968), 249 Ind. 316, 232 N.E.2d 592." *Williams* v. *State* (1974), 159 Ind. App. 470, 307 N.E.2d 880, 884.

The right of an accused to have a trial by an impartial jury is guaranteed by both the Indiana and the United States Constitutions. Indiana Constitution, Art. 1, § 13; United States Constitution, Sixth and Fourteenth Amendments. Though an accused may waive his right to a jury trial, such waiver must be voluntary, knowing and intelligently made. *Brady* v. *United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Williams* v. *State* (1974), 159 Ind. App. 470, 307 N.E.2d 880; *Kindle* v. *State* (1974), 161 Ind. App. 14, 313 N.E.2d 721; *cf. Lewis* v. *State* (1972), 259 Ind. 431, 288 N.E.2d 138. Where a defendant has effectively waived his right to a jury trial, he has no constitutional right to withdraw his waiver. *Davidson* v. *State* (1968), 249 Ind. 419, 233 N.E.2d 173. The withdrawal of such a waiver is within the discretion of the trial court. *Williams* v. *State, supra,* 307 N.E.2d at 884.

It is the defendant's contention that the trial court abused its discretion by refusing to grant the request for a jury

trial submitted on April 18 and renewed on June 14. The factors relied on to show the abuse are: 1) That the submission of the request on the day before the trial date of April 19, rather than at trial, evidences a good faith request as opposed to a dilatory tactic; 2) That the affidavit establishes April 18 as the date of the "only . . . consultation" with trial counsel; consequently the filing of the request immediately following the consultation further supports the defendant's good faith; and 3) That the number of continuances granted after the denial of the motion to withdraw the waiver establishes that neither the State nor the court would have suffered any prejudice due to any delay the granting of the request may have occasioned.

The State's answer to the argument is unresponsive, relying solely on *Davidson* v. *State* (1968), 249 Ind. 419, 233 N.E.2d 173, which holds, *inter alia,* that a defendant does not have a constitutional right to withdraw a waiver of jury trial when "made voluntarily, intentionally and knowingly." *Davidson, supra,* 249 Ind. at 425.

Only one criminal appeal in Indiana appears to have involved the trial court's discretionary standard in relation to a motion to withdraw a waiver of a trial by jury. In *Williams* v. *State, supra,* 307 N.E.2d at 885, the Court of Appeals, Third District, imposed upon the trial court "a duty of further inquiry" when it is apparent to the trial court that the waiver of a jury trial is predicated upon an unconsummated plea bargain. No Indiana case appears to have dealt with the situation where a defendant, prior to consultation with counsel, waives his right to a trial by jury only to request a withdrawal of the waiver prior to the day of trial and immediately after his first meeting with counsel.

A substantially similar situation occurred in *People* v. *Melton* (1954), 125 Cal. App.2d Supp. 901, 271 P.2d 962, 46 A.L.R.2d 914, wherein the defendant, found guilty at a trial without jury of driving a vehicle upon the highway while under the influence of intoxicating liquor, questioned the

refusal of the trial court to grant his motion to withdraw his waiver of trial by jury. The court summarized the record as follows:

"Reviewing the facts in this case as they were presented to the trial court, it appears that, one week after the entry of the plea of not guilty and the waiver of jury by defendant at a time when he had no counsel, he, through his subsequently retained lawyer, moved the court for a jury trial. This request was made some thirteen days before the date set for trial. Nothing in the record before the trial judge or on this appeal indicates that the granting of a jury trial would have delayed the trial of the case or in any way have prejudiced the legitimate interests of the prosecution." *People* v. *Melton, supra,* 271 P.2d at 965, 46 A.L.R.2d at 918.

Two reasons were relied on for reversal. The primary reason, the timeliness of the defendant's motion in relation to the date of trial, was stated in the following language:

"[W]here the request to withdraw the waiver of a jury trial is made sufficiently in advance of trial so as not to interfere with the orderly administration of the business of the court or to result in unnecessary delay or inconvenience to witnesses or to the prejudice of the other party to the action, the court should exercise its discretion to allow the moving party the jury trial he seeks. Certainly, when dealing with a right so fundamental . . . the court should only deny the privilege thus accorded a defendant charged with crime to a trial by his peers where some adverse consequence will flow from his change of mind." Id. 271 P.2d at 963, 46 A.L.R.2d at 917.

Other jurisdictions have expanded on that reasoning, saying that when a motion to withdraw a waiver of a jury trial is made prior to the trial date it should be refused

". . . only when it is not seasonably made in good faith, or is made to obtain a delay, or it appears that some real harm will be done to the public, i.e., the State, such as unreasonable delay or interruption of the administration of justice, real inconvenience to the court and the State, or that additional expense to the State will be occasioned thereby. Nor should the fact that a trial by jury is more costly to the State than a trial without jury be considered as ground for refusing the withdrawal of the waiver, . . ." *Floyd* v. *State* (Fla. 1956), 90 So.2d 105, 106.

Accord: *State* v. *Jones* (1973), 270 Md. 388, 312 A.2d 281; *State* v. *Blanton* (1969), 203 Kan. 81, 453 P.2d 30.

"An additional reason for permitting a withdrawal of a jury waiver exists when, as in this case, the defendant waived a jury trial when not represented by counsel. In such cases, where following the employment of counsel by the defendant, a timely demand has been made for a jury trial, the court should permit a revocation of the waiver and grant a trial by jury. State v. Williams, 1942, 202 La 374, 377, 11 So2d 701; Butler v. State, 1895, 97 Ga 404, 23 SE 822; Wilson v. State, 1939, 60 Ga App 641, 4 SE2d 688." *Melton, supra,* 271 P.2d at 964, 46 A.L.R.2d at 918.

The written request for a jury trial was filed by the defendant on April 18, one day before the case was to have been tried on April 19. That fact standing alone does not necessarily mean that the request was timely or untimely in relation to the date of trial. It must be viewed in terms of the other facts and circumstances. The significant circumstance is the trial court's action in denying the motion on the one hand, while granting the defendant a continuance on the other. This action indicates that any delay which may have occurred had the jury request been granted would not have prejudiced the legitimate interests of the prosecution or the court. The fact that two more continuances were thereafter granted (one at the state's request) further negates the existence of any valid reason for denying the request. We are thus forced to conclude that the trial court abused its discretion.

As in *Melton,* the "additional reason" for granting the motion was also present in this case, in that the jury trial request of April 18 was a "timely demand" in relation to the defendant's "only . . . consultation" with his trial counsel. Though counsel is shown to have appeared on April 3rd, he cannot be said to have been effectively "employed"[3] by the defendant until they had conferred. We are reluctant, however, to hold that the trial court abused his discretion for that

---

3. The defendant's affidavit refers to his trial counsel as an "appointed . . . pauper attorney" who would not be "employed" in the sense that the services were solicited by the defendant.

reason since there is nothing in the record to indicate that the trial court was apprised of that fact when he denied the request. However, the defendant's affidavit in support of his belated motion to correct error stated the fact (which is not controverted) and it was an abuse of discretion to ignore it in ruling on that motion. *Williams* v. *State, supra,* 307 N.E.2d at 885.

The judgment is therefore reversed with instructions to grant the defendant a new trial.

Sullivan, P.J., and Buchanan, J., concur.