**STATE of Tennessee, Appellee,**

v.

**Odie F. ELLIS, Appellant-Defendant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 29, 1980.

Permission to Appeal Denied by Supreme Court April 7, 1980.

Charles Martin, Oneida, for appellant-defendant.

William M. Leech, Jr., Atty. Gen., Michael J. Passino, Asst. Atty. Gen., Nashville, Arzo Carson, Dist. Atty. Gen., Huntsville, for appellee.

OPINION

DUNCAN, Judge.

The defendant, Odie F. Ellis, was convicted at a bench trial in the Scott County Criminal Court of driving under the influence of an intoxicant, receiving a fine of $50.00 and a six-month jail sentence. All but 48 hours of his sentence was suspended.

The defendant had previously been convicted of this offense in the Scott County General Sessions Court and had appealed to the criminal court.

The issue in this appeal is whether the defendant was entitled to have a jury trial in criminal court, even though he had previously signed, in sessions court, a waiver of a jury trial. We hold that he was not.

On August 2, 1978, the defendant appeared in sessions court and executed a waiver form whereby he waived his right to a grand jury indictment and to be tried by a jury.[1] He was convicted on the same date. Subsequently he appealed to the criminal court, and on March 12, 1979, filed a motion for a jury trial. His motion was denied on March 14, 1979, a hearing de novo before the trial judge followed, and he was again convicted.

At the time of the defendant's trial in sessions court, the Tennessee Rules of Criminal Procedure were operative.[2] The de-

---

1. The defendant makes no insistence that his waiver was not voluntarily, knowingly and intelligently given.

2. The Tennessee Rules of Criminal Procedure became effective on July 13, 1978.

fendant's waiver of a grand jury investigation and trial by a jury was authorized by Rule 5(c)(2). This rule also provides that "the defendant may appeal a verdict of guilty to the circuit or criminal court for a trial de novo *without a jury*." (emphasis added).

Our legislature has given the Supreme Court power "to prescribe by general rules the forms of process, writs, pleadings and motions, and the practice and procedure in all of the courts of this state in all civil and criminal suits, actions and proceedings." T.C.A. § 16–112. Such rules must not "abridge, enlarge or modify any substantive right" and must pass constitutional muster. T.C.A. § 16–113. The Supreme Court fixes the effective date of the rules, but they cannot become effective until approved by the legislature. T.C.A. § 16–114. Once the rules become effective, all laws in conflict with them shall be of no further force or effect. T.C.A. § 16–116.

T.C.A. § 40–426 (now repealed) formerly gave a defendant the right to demand a jury in the trial court after appealing a conviction from the sessions court. Even though this law was not expressly repealed until after the defendant's trials in sessions court and criminal court.[3], it was of no force and effect at his trials because it was in conflict with Rule 5(c)(2). T.C.A. § 16–116. Thus, the trial judge was following the correct and applicable procedural authority as expressed in Rule 5(c)(2) in denying the defendant's motion for a jury trial in the trial court. However, the defendant maintains that the provision of this rule which bars his right to a jury trial on the appeal of his conviction is violative of his constitutional right to a jury trial.

An accused has a fundamental constitutional right to a trial by jury. U.S.Const., Amend. VI; Tenn.Const. art. 1, §§ 6, 9; *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). This right may , however, be waived. *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); *State v. Simmons*, 199 Tenn. 479, 287 S.W.2d 71 (1956). Further once a defendant has competently waived his right to a jury trial, he has no constitutional right to withdraw the waiver. See *Sharpe v. State*, 369 N.E.2d 683 (Ind.App. 1977); *Stevenson v. State,* 163 Ind.App. 399, 324 N.E.2d 509 (1975). The question whether a valid waiver of a jury trial may be withdrawn is ordinarily within the discretion of the trial court. Annot., 46 A.L.R.2d 919 (1956); 3 Wharton's Criminal Procedure § 437, at 216 (C. Torcia ed. 1975).

Rule 5(c)(2) does not take away, abridge or modify the substantive right of an accused to trial by a jury. This rule merely provides an orderly procedural route by which this substantive right can be waived. The waiver of a jury trial is a procedural matter. *State v. Garcia*, 229 So.2d 236 (Fla. 1969).

In the present case the defendant executed, in the sessions court, a valid waiver of a jury trial. Thereafter, when his case came on for hearing de novo in the trial court, he was not entitled to withdraw his waiver. Thus, the trial judge correctly overruled his motion for a jury trial. We find no violation of the defendant's constitutional right to a jury trial.

Affirmed.

WALKER, P. J., and CORNELIUS, J., concur.

---

**3.** § 40–426 was expressly repealed by Tenn.Pub.Acts 1979, ch. 399, § 1, effective July 1, 1979.