PD-0415-15

PD-0415-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/14/2015 2:45:21 PM
Accepted 4/15/2015 5:36:36 PM
ABEL ACOSTA
CLERK

PDR No. _____

_____

## In The Court of Criminal Appeals of Texas

_____

## DONTA TREMAINE BROWNING, Appellant

v.

## THE STATE OF TEXAS, Appellee.

_____

**On Appellant's Petition for Discretionary Review
From the Fourteenth Court of Appeals,
Appeal No. 01-14-00052-CR
On Appeal from the 240th District Court
of Fort Bend County Texas,
Cause No. 11-DCR-058541.**

_____

### PETITION FOR DISCRETIONARY REVIEW
### FOR APPELLANT, DONTA TREMAINE BROWNING

_____

Oral Argument Requested

**Cary M. Faden**
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478
Telephone: (281) 491-6182
Texas Bar No. 06768725
**E-MAIL: caryfaden@aol.com**

Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

April 15, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P., Rule 38.1(a) and Rule 68.4(a), appellant certifies that the following is a complete list of the parties to the final judgment and the names and addresses of counsel in the trial and on appeal:

Appellant:

Donta Tremaine Browning

Counsel for Appellant:

**Tommy James Stickler, Jr.** (at trial)
235 West Sealy Street
Alvin, TX 77511

**Cary M. Faden** (on appeal)
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478

Counsel for the State of Texas:

John F. Healey, Jr.
Stuti Trehan Patel
Fort Bend County, Texas
District Attorney
301 Jackson Street, Room 101
Richmond, Texas 77469

Trial Judge:

The Honorable Thomas R. Culver, III

Table of Contents

Index of Authorities..................................................................................v

Statement Regarding Oral Argument.......................................................vi

Statement of the Case............................................................................vii

Procedural History of the Case...............................................................vii

Ground for Discretionary Review..............................................................2

## GROUND ONE

**THE FIRST COURT OF APPEALS ERRED IN REFUSING TO CONDUCT A HARM ANALYSIS AND TO APPLY THE LAW IN FINDING THE TRIAL COURT DID NOT COMMIT ERROR IN NOT ALLOWING APPELLANT TO WITHDRAW HIS PLEA OF GUILTY.**

Reasons to Grant Review in Support of Ground for Review.........................2

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter, namely:

Ground One: *Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim. App.1997); *Childs v. Reunion Bank,* 587 S.W.2d 466, 471 (Tex. Civ. App. - Dallas 1979, writ refd n.r.e.); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985); *Guillett v. State,* 677 S.W.2d 46, 49 (Tex. Crim. App.1984); *Henderson v. Youngblood,* 512 S.W.2d 35, 37 (Tex. Civ. App.—El Paso 1974, no writ) (superseded by statute on other grounds); *Higginbotham v. Collateral Protection Inc.,* 859 S.W.2d 487, 491 (Tex. App. - Houston [1st Dist.] 1993, writ denied); *Jackson v. State,* 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Lenamond v. N. Shore Supply Co.,* 667 S.W.2d 283, 285 (Tex. App. - Houston [14th Dist.] 1984, no writ); *Lowery v. State,* 974 S.W.2d 936,

942 (Tex. App. - Dallas 1998, no pet.); *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993); *Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App.1996); *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990); *Penry v. State*, 903 S.W.2d 715, 728 (Tex. Crim. App.1995); *People v. Abrams*, 211 Cal. App.2d 773, 776, 27 Cal. Rptr. 639, 641 (1963); *Samudio v. State*, 648 S.W.2d 312, 314 (Tex. Crim. App.1983); *Staten v. Maryland*, 13 Md. App. 425, 430, 283 A.2d 644, 647 (1971); *Stevenson v. Indiana*, 163 Ind. App. 399, 404, 324 N.E.2d 509, 512 (1975); *Trimble v. Tex. Dep't. of Protective & Reg. Serv.*, 981 S.W.2d 211, 214-15 (Tex. App. - Houston [14th Dist.] 1998, no pet.); *Wheatfall v. State*, 882 S.W.2d 829 (Tex. Crim. App.1994); *Wissinger v. State*, 702 S.W.2d 261, 262 (Tex. App.—Houston [1st Dist.] 1985, pet. ref d).

Review is proper, under Tex. R. App. P. 66.3 (b), because the Court Of Appeals has rendered a decision, which encompasses an important question of state law, which has not been, but should be, settled by this Court.

Review is important, under Tex. R. App. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

Argument And Authorities In Support Of Ground For Review One.............................................................................................................3

Prayer for Relief..........................................................................................12

Certificate of Service...................................................................................13

Appendix-First Court Of Appeals Judgment & Opinion

# INDEX OF AUTHORITIES

**CASES:**

*Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim. App.1997).................................iii,2,11

*Childs v. Reunion Bank,* 587 S.W.2d 466, 471 (Tex. Civ. App. - Dallas 1979, writ refd n.r.e.)...............................................................................................................iii,2,9

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex.1985).....iii,2,6

*Guillett v. State,* 677 S.W.2d 46, 49 (Tex. Crim. App.1984)..................................iii,2,8

*Henderson v. Youngblood,* 512 S.W.2d 35, 37 (Tex. Civ. App.—El Paso 1974, no writ) (superseded by statute on other grounds)...........................................................iii,2,9

*Higginbotham v. Collateral Protection Inc.,* 859 S.W.2d 487, 491 (Tex. App. - Houston [1st Dist.] 1993, writ denied)....................................................................iii,2,9

*Jackson v. State,* 590 S.W.2d 514, 515 (Tex. Crim. App. 1979)...........................iii,2,5

*Lenamond v. N. Shore Supply Co.,* 667 S.W.2d 283, 285 (Tex. App. - Houston [14th Dist.] 1984, no writ)...............................................................................................iii,2,9

*Lowery v. State,* 974 S.W.2d 936, 942 (Tex. App. - Dallas 1998, no pet.)..........iii,2,11

*Lyles v. State,* 850 S.W.2d 497, 502 (Tex. Crim. App. 1993)................................iv,2,6

*Marquez v. State,* 921 S.W.2d 217, 223 (Tex. Crim. App.1996)...............iv,2,6,8,10,12

*Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).....................iv,2,6

*Penry v. State,* 903 S.W.2d 715, 728 (Tex. Crim. App.1995).................................iv,2,6

*People v. Abrams,* 211 Cal. App.2d 773, 776, 27 Cal. Rptr. 639, 641 (1963).....iv,2,10

*Samudio v. State,* 648 S.W.2d 312, 314 (Tex. Crim. App.1983)............................iv,2,8

*Staten v. Maryland*, 13 Md. App. 425, 430, 283 A.2d 644, 647 (1971)...............iv,2,11

*Stevenson v. Indiana*, 163 Ind. App. 399, 404, 324 N.E.2d 509, 512 (1975).......iv,3,10

*Trimble v. Tex. Dep't. of Protective & Reg. Serv.*, 981 S.W.2d 211, 214-15 (Tex. App. - Houston [14th Dist.] 1998, no pet.).................................................iv,3,6

*Wheatfall v. State,* 882 S.W.2d 829 (Tex. Crim. App.1994)..................................iv,3,6

*Wissinger v. State,* 702 S.W.2d 261, 262 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd).................................................................................................iv,3,5

## STATUES, CODES, AND RULES:

Tex. Code Crim. Proc. Ann. art. 1.12 (Vernon 1977)......................................7,8

Tex. Code Crim. Proc. Ann. art. 1.13 (Vernon Supp.2000).............................8,9

TEX. CONST. art. I, § 15...............................................................................7,9

Tex. R. App. P. 33.1(a)....................................................................................5

Tex. R. App. P. 44.2(a)...................................................................................13

Tex. R. App. P. 66.3(a)..............................................................................iii,2,3

Tex. R. App. P. 66.3(b)................................................................................iv,3

Tex. R. App. P. 66.3(f).............................................................................iv,3,4

Tex. R. App. P. 68.2....................................................................................viii

Tex. R. App. P. 68.4(c)..................................................................................vii

U.S. CONST. amend. VI.................................................................................7,8

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 68.4(c), counsel respectfully requests oral argument. Oral argument would be helpful in the event this petition for discretionary review is granted. This appeal involves questions of law, questions of fact, public policy and procedure which cannot be adequately addressed, analyzed and evaluated through written communication alone. Oral argument is essential to emphasize the unique characteristics of these questions and to address the unforeseeable exigencies arising during the Court's consideration of this appeal.

## STATEMENT OF THE CASE

On October 31, 2011, Donta Tremaine Browning, Appellant, was indicted for the second degree felony offense of aggravated assault with a deadly weapon. (1 CR at 6). The offense was alleged to have occurred on or about September 23, 2011. (1 CR at 6). On October 15, 2013, Appellant pleaded guilty to the indictment. (1 CR at 3-4). After Appellant's plea of guilty, on December 10, 2013, at a sentencing hearing, the trial court assessed Appellant's punishment at ten (10) years of deferred adjudication community supervision, with a $1,000.00 fine. (2 CR at 93). On January 6, 2013, Appellant timely filed his notice of appeal. (1 CR at 128).

## PROCEDURAL HISTORY OF THE CASE

On February 26, 2015, the First Court of Appeals affirmed Appellant's

vii

conviction. *Browning v. State*, Nos. 01-14-00052-CR, slip op. at 1-4 (Tex. App.–Houston [1st Dist.], February 26, 2015, pet. pending). On March 9, 2015, Appellant timely filed his motion for rehearing. The First Court Of Appeals overruled and denied Appellant's Motion For Rehearing on March 26, 2015. On April 14, 2015, Appellant timely filed this Petition For Discretionary Review with the Clerk of the Court Of Criminal Appeals. TEX. R. APP. P. 4.1 and 68.2.

PDR No. _____

_____

In The Court of Criminal Appeals of Texas

_____

DONTA TREMAINE BROWNING, Appellant

v.

THE STATE OF TEXAS, Appellee.

_____

On Appellant's Petition for Discretionary Review
From the First Court of Appeals,
Appeal No. 01-14-00052-CR,
On Appeal from the 240th District Court
of Fort Bend County Texas,
Cause No. 11-DCR-058541.

_____

PETITION FOR DISCRETIONARY REVIEW
FOR APPELLANT, DONTA TREMAINE BROWNING

_____

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW Appellant, Donta Tremaine Browning, by and through his

attorney of record, Cary M. Faden, and files this petition for discretionary review of

the February 26, 2015, decision of the First Court of Appeals of Texas in *Browning*

1

*v. State*, No. 01-14-00052-CR, slip op. at 1-4 (Tex. App. – Houston [1st Dist.],

February 26, 2015, pet. pending); and would respectfully show the Court following:

**GROUNDS FOR REVIEW**

**GROUND ONE**

**THE FIRST COURT OF APPEALS ERRED IN REFUSING TO CONDUCT A HARM ANALYSIS AND TO APPLY THE LAW IN FINDING THE TRIAL COURT DID NOT COMMIT ERROR IN NOT ALLOWING APPELLANT TO WITHDRAW HIS PLEA OF GUILTY.**

REASONS TO GRANT REVIEW IN SUPPORT OF GROUNDS FOR REVIEW

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter, namely:

Ground One: *Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim. App.1997); *Childs v. Reunion Bank,* 587 S.W.2d 466, 471 (Tex. Civ. App. - Dallas 1979, writ refd n.r.e.); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985); *Guillett v. State,* 677 S.W.2d 46, 49 (Tex. Crim. App.1984); *Henderson v. Youngblood,* 512 S.W.2d 35, 37 (Tex. Civ. App.—El Paso 1974, no writ) (superseded by statute on other grounds); *Higginbotham v. Collateral Protection Inc.,* 859 S.W.2d 487, 491 (Tex. App. - Houston [1st Dist.] 1993, writ denied); *Jackson v. State,* 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Lenamond v. N. Shore Supply Co.,* 667 S.W.2d 283, 285 (Tex. App. - Houston [14th Dist.] 1984, no writ); *Lowery v. State,* 974 S.W.2d 936, 942 (Tex. App. - Dallas 1998, no pet.); *Lyles v. State,* 850 S.W.2d 497, 502 (Tex. Crim. App. 1993); *Marquez v. State,* 921 S.W.2d 217, 223 (Tex. Crim. App.1996); *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim. App. 1990); *Penry v. State,* 903 S.W.2d 715, 728 (Tex. Crim. App.1995); *People v. Abrams,* 211 Cal. App.2d 773, 776, 27 Cal. Rptr. 639, 641 (1963); *Samudio v. State,* 648 S.W.2d 312, 314 (Tex. Crim. App.1983); *Staten v. Maryland,* 13 Md. App. 425, 430, 283 A.2d

2

644, 647 (1971); *Stevenson v. Indiana*, 163 Ind. App. 399, 404, 324 N.E.2d 509, 512 (1975); *Trimble v. Tex. Dep't. of Protective & Reg. Serv.*, 981 S.W.2d 211, 214-15 (Tex. App. - Houston [14th Dist.] 1998, no pet.); *Wheatfall v. State*, 882 S.W.2d 829 (Tex. Crim. App.1994); *Wissinger v. State*, 702 S.W.2d 261, 262 (Tex. App.—Houston [1st Dist.] 1985, pet. ref d).

Review is proper, under Tex. R. App. P. 66.3 (b), because the Court Of Appeals has rendered a decision, which encompasses an important question of state law, which has not been, but should be, settled by this Court.

Review is important, under TEX. R. APP. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

## ARGUMENT AND AUTHORITIES IN SUPPORT OF GROUND FOR REVIEW ONE

In its February 26, 2015, opinion, the First Court Of Appeals affirmed Appellant's convictions in finding the trial court did not commit error abuse its discretion by not allowing Appellant to withdraw his plea of guilty and refused to conduct a harm analysis.

This Court should review this issue, and review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter; and review is appropriate, under Tex. R. App. P. 66.3 (d), because the Court Of Appeals appears to have misconstrued a statute, rule, regulation, or ordinance; and review is important,

3

under Tex. R. App. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

The First Court Of Appeals stated in its opinion: Browning was indicted for felony aggravated assault with a deadly weapon after he was accused of using his car to run over the friend of his girlfriend's aunt during a dispute in the aunt's front yard. Browning pleaded guilty. The State did not recommend sentence. Instead, the case was reset to allow a pre-sentence investigation (PSI).

At the sentencing hearing two months later, both the State and Browning announced ready and gave their opening statements. After the first witness was sworn in and ready to begin testifying, Browning interrupted to inform the trial court, "I want to change my plea today to not guilty." His attorney responded, "Right now, it's the first time he told me he intends to change his plea." The trial court denied the request, and the sentencing hearing continued. After the State's two witnesses testified and Browning testified against his attorney's advice, the trial court deferred a finding of guilty and placed Browning on community supervision for ten years. The trial court also ordered Browning to perform 400 hours of community service and pay a $1,000 fine. Browning timely appealed.

### Browning Did Not Preserve Issue of Jury-Waiver

Browning contends that the trial court erred by denying his request "to

4

that Browning did attempt to withdraw his guilty plea; however, nowhere in the record do we find any indication that Browning attempted to withdraw his jury waiver. Browning does not point to any document or transcript where such a statement was made either. Because the jury-waiver withdrawal issue was not presented to the trial court for its consideration, it is waived on appeal. TEX. R. APP. P. 33.1(a) (requiring that complaint be made to trial court through timely request, objection or motion to preserve issue for appellate review). Thus, the only issue to be resolved is whether the trial court erred by denying Browning's request to withdraw his guilty plea.

## Withdrawal of Guilty Plea

A defendant may withdraw his guilty plea at any time before judgment is pronounced or the trial court takes the plea under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Wissinger v. State*, 702 S.W.2d 261, 262 (Tex. App.—Houston [1st Dist.] 1985, pet. ref d). A case is considered to be "under advisement" when the trial court has admonished the defendant, received the plea and evidence, and reset the case to allow a pre-sentencing investigation. *Jackson*, 590 S.W.2d at 515; *Wissinger*, 702 S.W.2d at 262. Once a plea has been taken under advisement, a request to withdraw a plea is untimely and the decision to allow or deny the request is within the sound discretion of the trial court. *Jackson*, 590 S.W.2d at 515; *Wissinger*, 702 S.W.2d at 262. A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or

5

principles. *Lyles v. State,* 850 S.W.2d 497, 502 (Tex. Crim. App. 1993); *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Browning did not raise the issue of changing his plea until the sentencing hearing had already begun. He had pleaded guilty, the PSI report had been completed and distributed, both sides had announced ready and given their opening statements, and the first witness was on the stand. We conclude that the record contains no evidence that the trial court abused its discretion by denying appellant's untimely request.

Appellant contended the grant or denial of a request to withdraw a jury waiver falls within the trial court's discretion in controlling the business of the court. *Marquez v. State,* 921 S.W.2d 217, 223 (Tex. Crim. App.1996) (citing *Wheatfall v. State,* 882 S.W.2d 829 (Tex. Crim. App.1994)). This Court will not reverse the trial court's denial of a request to withdraw a waiver of jury trial unless there is a finding of an abuse of discretion. Id. at 221-22; *Trimble v. Tex. Dep't. of Protective & Reg. Serv.,* 981 S.W.2d 211, 214-15 (Tex. App. - Houston [14th Dist.] 1998, no pet.). A trial court abuses its discretion when it acts without reference to guiding rules and principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim. App.1990) (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex.1985)). Stated differently, a trial court abuses its discretion if it acts arbitrarily or unreasonably. *Id.*; *Trimble,* 981 S.W.2d at 214-15. To determine whether the trial court abused its discretion, we consider the record as a whole. *Penry v. State,* 903 S.W.2d 715, 728

(Tex. Crim. App.1995).

## WITHDRAWAL OF WAIVER OF RIGHT TO JURY

The right to trial by jury is protected by both the United States and Texas Constitutions. The United States Constitution provides: U.S. CONST. amend. VI., TEX. CONST. art. I, § 15.

This right is reiterated in the Texas Code of Criminal Procedure, which provides "[t]he right of trial by jury shall remain inviolate." TEX. CODE CRIM. PROC. ANN. art. 1.12 (Vernon 1977). U.S. CONST. amend. VI; TEX. CONST. art. I, § 15; TEX. CODE CRIM. PROC. ANN. art. 1.12 (Vernon 1977). To be valid, a waiver of this valuable right must be made in person, in writing, and in open court. TEX. CODE CRIM. PROC. ANN. art. 1.13 (Vernon Supp.2000). Although the method for waiving the right to a jury trial is prescribed in article 1.13 of the Texas Code of Criminal Procedure, the manner for withdrawing such waiver is not.

To protect the inviolate nature of the right to jury trial, Texas follows the prevailing trend allowing a defendant to withdraw his waiver where the request is made "in good faith and there are no adverse consequences." Id. at 221-22. "Authorities adhering to this view hold that a defendant should be permitted to withdraw his jury waiver unless granting the request would prejudice the state, delay the trial, impede justice, or inconvenience the witnesses, or, in some cases, unless the defendant's request was made in bad faith." Id. at 221. Thus, the "substantive

standard" for allowing a withdrawal of jury waiver is "the absence of adverse consequences to granting the withdrawal." Id. at 223.

A defendant has an absolute right to a jury trial. " In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury[.]" U.S. CONST. amend. 6. " The right of trial by jury shall remain inviolate." TEX. CONST. art. I, § 15 & TEX. CODE CRIM. PROC. art. 1.12. As a matter of federal constitutional law, the State must establish, on the record, a defendant's express, knowing, and intelligent waiver of jury trial. *Guillett v. State,* 677 S.W.2d 46, 49 (Tex. Crim. App.1984); *Samudio v. State,* 648 S.W.2d 312, 314 (Tex. Crim. App.1983). Article 1.13 of the Code of Criminal Procedure sets out the required formalities of a jury-trial waiver in Texas. TEX. CODE CRIM. PROC. art. 1.13(a) (" The defendant in a criminal prosecution shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." ). But once the defendant validly waives his right to a jury trial, he does not have an unfettered right to reassert that right. Should the defendant who wants to withdraw his prior written waiver-and is seeking to change the status quo-have the burden to show an " absence of adverse consequences" from granting the withdrawal? *See Marquez v. State,* 921 S.W.2d 217, 223 (Tex. Crim. App.1996) (plurality op.). He must establish, on the record, that his request to withdraw his jury waiver has been made sufficiently in advance of trial such that granting his request will not: (1) interfere with the orderly administration

8

of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State. *Id.* A request to withdraw a jury waiver is addressed to the discretion of the trial court. *Id.* If the defendant's claims are rebutted by the State, the trial court, or the record itself, the trial judge does not abuse his discretion in refusing to allow the withdrawal of the waiver. *Id.*

Where a defendant seeks to re-assert his right to a jury trial after waiver, he has the initial burden to establish on the record that his request to withdraw the waiver is made sufficiently in advance of trial "such that granting his request will not (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State." Id.

It is well-settled that a trial court should grant a motion for continuance only if: (1) postponement of the trial would not cause injury to the adverse party; and (2) it would not disrupt the court's docket or interfere with the administration of the court's business. See *Higginbotham v. Collateral Protection Inc.*, 859 S.W.2d 487, 491 (Tex. App. - Houston [1st Dist.] 1993, writ denied) (citing *Lenamond v. N. Shore Supply Co.*, 667 S.W.2d 283, 285 (Tex. App. - Houston [14th Dist.] 1984, no writ); *Childs v. Reunion Bank,* 587 S.W.2d 466, 471 (Tex. Civ. App. - Dallas 1979, writ refd n.r.e.); *Henderson v. Youngblood,* 512 S.W.2d 35, 37 (Tex. Civ. App.—El Paso 1974, no writ) (superseded by statute on other grounds)). Thus, in granting the continuance, the trial court implicitly found that a delay of trial would not injure the State or disrupt the court's business.

Appellate courts have found an abuse of discretion where the trial court grants

a continuance but then refuses to permit withdrawal of the defendant's waiver of jury trial. See, e.g., *Stevenson v. Indiana*, 163 Ind. App. 399, 404, 324 N.E.2d 509, 512 (1975); *People v. Abrams*, 211 Cal. App.2d 773, 776, 27 Cal. Rptr. 639, 641 (1963) (holding that the trial court abused its discretion in not allowing defendant to withdraw his waiver of jury trial, where a lengthy continuance already had been granted).

Here, granting appellant's request to withdraw his plea of guilty and withdraw the jury waiver would not have resulted in unnecessary delay or inconvenience to witnesses because the court already had reset the trial date in order to secure the attendance of out-of-state witnesses. See *Marquez*, 921 S.W.2d at 223. Likewise, there is nothing in the record that suggests allowing appellant to withdraw his jury waiver would have had any adverse consequences on the State, witnesses, or the court. In fact, by continuing the case, the court implicitly found the absence of any such injury or interference.

In light of appellant's claims of lack of prejudice, inconvenience or interference with court administration, it was incumbent upon either the State or the court to rebut appellant's assertions and identify the adverse consequences, if any, that would flow from the withdrawal. However, there is nothing in this record to rebut appellant's claims that no adverse consequences would flow from the withdrawal of his waivers. Under these circumstances, it was not reasonable for the trial court to have denied appellant's request to withdraw the guilty plea and the jury waiver. The court already had continued the sentencing trial of the case for more than a month almost two months. Granting appellant's request would not have resulted in any additional delay

or inconvenience to the witnesses or the prosecution, nor would it have interfered with the orderly administration of the court's docket. Accordingly, the court abused its discretion in denying appellant's request to withdraw his plea of guilty and his waiver and to proceed to trial before a jury.

Denial of a criminal defendant's constitutionally guaranteed right to a jury trial is structural constitutional error and, therefore, reversible without a harm analysis. *Lowery v. State,* 974 S.W.2d 936, 942 (Tex. App. - Dallas 1998, no pet.) (citing *Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim. App.1997) (superseded by statute on other grounds)); TEX. R. APP. P. 44.2(a). Accordingly, appellant's point of error should be sustained.

Where, as here, a defendant makes a good faith request to withdraw his plea of guilty and his jury waiver and no adverse consequences would flow from the withdrawal, the court should exercise its discretion to grant the moving party the jury trial he seeks. Failure to do so constitutes an abuse of discretion. Therefore, this Court should reverse the trial court's judgment and remand the case with instructions to grant appellant a new trial.

Appellant is in dispute with the First Court's opinion issued and requests that this Court consider this Petition For Discretionary Review. Appellant urges this Petition based upon the fact that this Court attempts to address the issues as briefed. The Court Of Appeals lack of cited case law has departed from the accepted and usual course of judicial proceedings and the case law cited by Appellant in his Petition For

11

Discretionary Review, as to call for an exercise of this Court's power of supervision.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Appellant, Donta Tremaine Browning, prays that the Court grant the Petition For Discretionary Review for Appellant, order briefing on this cause, and set it for submission at the earliest possible date. Moreover, upon submission and review of the appellate record and the briefs and arguments of counsel, the Court issue an opinion resolving this conflict so that the bench and bar of this state will know how to address and dispose of similar issues in the future.

Respectfully submitted,

**/s/CARY M. FADEN**
**Cary M. Faden**
SBN 06768725
Counsel for Appellant
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478
Telephone: (281) 491-6182
Facsimile: (281) 491-0049
**E-Mail: caryfaden@aol.com**

Attorney For Appellant

## CERTIFICATE OF COMPLIANCE, T.R.A.P., RULE 9.4(3)

In accordance with TEX. R. APP. P. 9.4(3), I Cary M. Faden, certify that this is a computer generated document and I state that the number of words in this document is approximately 4,490 words. I am relying on the word count of the computer program used to prepare this document.

/s/CARY M. FADEN
**Cary M. Faden**

## CERTIFICATE OF SERVICE

In accordance with Tex. R. App. P. 9.5, I, Cary M. Faden, certify that a true and correct copy of the foregoing Petition For Discretionary Review has been served, by U.S. Mail, upon Donta Tremaine Browning, to the attorney for the State Of Texas, John F. Healey, Jr., District Attorney, Appellate Division, 301 Jackson Street, Room 101, Richmond, Texas 77469, to the State Of Texas Prosecuting Attorney, Lisa C. McMinn, P. O. Box 13046, Capitol Station, Austin, Texas 78711 on this the 14th day of April, 2015.

/s/CARY M. FADEN
**Cary M. Faden**

# APPENDIX



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-14-00052-CR

DONTA TREMAINE BROWNING, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 240th District Court of Fort Bend County.
(Tr. Ct. No. 11-DCR-058541).

This case is an appeal from the final judgment signed by the trial court on December 11, 2013. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that this decision be certified below for observance.

Judgment rendered February 26, 2015.

Panel consists of Chief Justice Radack and Justices Brown and Lloyd. Opinion delivered by Justice Brown.

Opinion issued February 26, 2015



In The

## Court of Appeals

For The

## First District of Texas

———————————

NO. 01-14-00052-CR

———————————

**DONTA TREMAINE BROWNING, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

———————————

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 11-DCR-058541**

———————————

### MEMORANDUM OPINION

Donta Browning pleaded guilty to aggravated assault with a deadly weapon.[1] At the sentencing hearing, Browning sought to withdraw his guilty plea. The request was denied, and Browning was sentenced to ten years' community

---

[1] TEX. PENAL CODE ANN. § 22.02 (West 2011).

supervision. In one issue, Browning contends that the trial court erred by not allowing him to withdraw his guilty plea and jury waiver. Because Browning did not preserve the issue regarding jury waiver and the trial court did not err in denying his request to withdraw his guilty plea, we affirm.

## Background

Browning was indicted for felony aggravated assault with a deadly weapon after he was accused of using his car to run over the friend of his girlfriend's aunt during a dispute in the aunt's front yard. Browning pleaded guilty. The State did not recommend sentence. Instead, the case was reset to allow a presentence investigation (PSI).

At the sentencing hearing two months later, both the State and Browning announced ready and gave their opening statements. After the first witness was sworn in and ready to begin testifying, Browning interrupted to inform the trial court, "I want to change my plea today to not guilty." His attorney responded, "Right now, it's the first time he told me he intends to change his plea." The trial court denied the request, and the sentencing hearing continued. After the State's two witnesses testified and Browning testified against his attorney's advice, the trial court deferred a finding of guilty and placed Browning on community supervision for ten years. The trial court also ordered Browning to perform 400 hours of community service and pay a $1,000 fine.

2

Browning timely appealed.

## Browning Did Not Preserve Issue of Jury-Waiver

Browning contends that the trial court erred by denying his request "to withdraw his plea of guilty and withdraw his jury waiver." The record reveals that Browning did attempt to withdraw his guilty plea; however, nowhere in the record do we find any indication that Browning attempted to withdraw his jury waiver. Browning does not point to any document or transcript where such a statement was made either. Because the jury-waiver withdrawal issue was not presented to the trial court for its consideration, it is waived on appeal. TEX. R. APP. P. 33.1(a) (requiring that complaint be made to trial court through timely request, objection or motion to preserve issue for appellate review). Thus, the only issue to be resolved is whether the trial court erred by denying Browning's request to withdraw his guilty plea.

## Withdrawal of Guilty Plea

A defendant may withdraw his guilty plea at any time before judgment is pronounced or the trial court takes the plea under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Wissinger v. State*, 702 S.W.2d 261, 262 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd). A case is considered to be "under advisement" when the trial court has admonished the defendant, received the plea and evidence, and reset the case to allow a pre-sentencing investigation.

3

*Jackson*, 590 S.W.2d at 515; *Wissinger*, 702 S.W.2d at 262. Once a plea has been taken under advisement, a request to withdraw a plea is untimely and the decision to allow or deny the request is within the sound discretion of the trial court. *Jackson*, 590 S.W.2d at 515; *Wissinger*, 702 S.W.2d at 262. A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993); *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

Browning did not raise the issue of changing his plea until the sentencing hearing had already begun. He had pleaded guilty, the PSI report had been completed and distributed, both sides had announced ready and given their opening statements, and the first witness was on the stand. We conclude that the record contains no evidence that the trial court abused its discretion by denying appellant's untimely request.

We overrule Browning's sole issue.

### Conclusion

We affirm the judgment of the trial court.


Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

4